Bland, Chancellor.
On consideration of the petition of Howard and wife and the answer of the trustee Basil H. Mullikin thereto; and of the objections to that answer, which objections being considered valid, it is ordered, that the said trustee Basil D. Mullikin be and he is hereby required to make a full and perfect answer to the said petition accordingly on *540 or before the first day of April next. And it is further ordered, that the said Basil D. Mullikin and the said Baruch Mullikin, his surety, bring into this court all the bonds or notes which were taken by the said Basil from the purchasers of the property in the proceedings mentioned to secure the payment of the purchase money; or in case the same or any part thereof has been paid to them or either of them, that they bring into this court the whole amount of the money so received by them or either of them, on or before the first day of April next, or shew good cause to the contrary : provided that a copy of this order, together with a copy of the said objections, be served on the said Basil D. Mullikin and Baruch Mullikin on or before the fifteenth instant. And it is further ordered, that the said Basil D. Mullikin be and he is hereby displaced, and Thomas S. Alexander is hereby appointed trustee in his stead with the same authority and subject to the same responsibility : provided that before he acts as such he shall give bond in the penalty of twenty thousand dollars as required by the said decree.
The trustee Alexander gave bond as required; on the 26th of March 1828 Basil D. Mullikin filed a full answer; on the 24th of September following the case, by order, was referred to the auditor; and on the 20th of December Baruch Mullikin filed his answer in obedience to this last order.
On the 5th of May 1828 the trustee Alexander filed a representation, stating, that the land reported to have been sold to Benjamin H. Mullikin was in fact purchased by him for the use of Nicholas Woodward, who had intermarried with the heiress Margaret, who had died after the confirmation of the auditor’s report, by reason whereof the right to demand and receive her share had survived to her husband Nicholas ; that a considerable amount of the purchase money was yet unpaid, which Nicholas admitted. No .cause was shewn by Benjamin H. Mullikin.
And on the same 5th of May this trustee filed another representation, stating, that much of the proceeds of sale had been misapplied by the. former trustee Basil D. MulliMn and was likely to be lost by his misconduct^ and also by the misconduct of some of the other heirs, who were his sureties, or who were purchasers or the sureties of purchasers.
7th May 1828. — Bland, Chancellor. — The representations of the trustee, Thomas S. Alexander, having been submitted, the proceedings were read and considered.
*541 It appears, that much of the purchase money for which the real estate was sold is likely to be lost, by reason of the misconduct or negligence of some of those to whom proportions of it have been directed to be paid by the order of the 15th of February 1825. That order was certainly founded upon the presumption that no part of the purchase money had been or would be lost by the misconduct of any of the persons among whom it was to be distributed. It is very clear, that no one of these distributees can be allowed to receive any portion of the share awarded to him until all sums, that ought to have been paid by him, and for which he is in any way liable, have been satisfied. And I hold it to be no less clear, that every assignee of a distributee must take subject to all equities to which such distributee was in any manner liable.
Whereupon it is ordered, that the order of the 15th of February 1825, in so far as it directs the payment of any money unto Basil D. Mullildn, the former trustee, and Baruch Mullildn and Regnal Mullikin his sureties, and Benjamin H. Mullikin and Margaret Mullikin, who died after the passage of that order and after having been married to Midiólas Woodward, be and the same .is hereby rescinded and annulled.
On the 5th of May 1828, the trustee Alexander also represented, that the purchaser Anderson and his surety Benjamin H. Mullildn had not paid the purchase money; upon which by an order of the 7th of the same month, they were ordered to bring in the balance due, or shew cause. And they having failed to bring in the money, the matter was submitted for the judgment of the court upon the cause shewn.
25th June, 1828. — Bland, Chancellor. — The petition and representation of the trustee, together with the answer thereto of Edward E. Anderson and Benjamin H. Mullikin, having been submitted, the same, with the proceedings to which they relate, were read and considered.
It appears, that the whole amount of the purchase money for the tract of land heretofore sold as mentioned in the said representation has not been paid, and that for the amount still due the equitable lien held by this court yet subsists in full force and unimpaired.
Whereupon it is decreed, that the trustee Thomas S. Alexander proceed to make sale of the land, heretofore sold to the said Edward E. Anderson, for the payment of the balance of the pur *542 chase money due thereon; that the sale be at his risk; and the terms thereof be for ready money payable on the day of its ratification. In all other particulars the trustee is directed to conform to the decree, according to which and the subsequent orders he,has given bond for the faithful discharge of the trust reposed in him.
From this decree Anderson appealed, and filed a bond which was approved on the 29th of January 1829, but the appeal was some time after abandoned.
On the 4th of November 1828, Daniel Kent filed his petition, in which he states, that by a deed bearing date on the 5th of May 1825, the heir Basil D. Mullikin conveyed his interest in the estate of the intestate to the heir Baruch Mullikin; and that by a deed bearing date on the 18th of July 1827, the heir Regnal Mullikin conveyed his interest in the intestate’s estate to the heir Baruch Mullildn, who having thus, by assignment and descent become entitled to three-tenths of the intestate’s estate, by a deed bearing date on the first day of May 1828, assigned the same to the petitioner; and that he, this petitioner, is a bona fide purchaser for a valuable consideration without notice. Whereupon he prayed, that the' shares of the intestate’s éstate so assigned to him might be directed to be paid to him accordingly. These three several deeds of assignment were each of them acknowledged and recorded as required by law ; and were besides proved to have been executed by the grantors. It appears, that Basil D. Mullikin applied for the benefit of the insolvent laws on the 30th of May 1825; that Regnal Mullikin applied for the benefit of the insolvent laws on the 18th of May 1827 ; and that Baruch Mullikin made a similar application on the 8th of May 1828; but it is admitted that Benjamin H. Mullildn never made any such application. Whereupon it was ordered, that the matter stand for hearing provided a copy be served, &c. After which it was brought before the court and the solicitors of the parties were fully heard.
4th March, 1829. — Bland, Chancellor. — There is no principle of equity or justice upon which Basil D. Mullikin, Baruch Mullikin, Regnal Mullikin, Benjamin II. Mullildn, or Nicholas Woodward, or any one claiming under them or any or either of them, by virtue of any assignment or transfer made since the institution of this suit, can be allowed to receive any thing from this court until they have paid or brought in all sums of money for which *543 they are liable as principals or sureties, or until all the other heirs of the intestate have been fully satisfied and paid from the proceeds of the- sale of the intestate’s estate now in the hands of the court, or under its control for the purpose of distribution.
Whereupon it is ordered, that this case be and the same is hereby referred to the auditor With directions to state an account accordingly, distributing the proceeds of the sale of the intestate’s estate now remaining under the control of the court; first among the heirs of the intestate who have not been paid, or in so far as they have not been satisfied; and the balance if any to the petitioner Daniel Kent, as the assignee of Basil D. Mullikin, Baruch Mullikin, and Regnal Mullikin; and to Benjamin H. Mullikin and Nicholas Woodward: provided it shall appear, that they have each of them paid or brought into court all sums of money, being portions of the said intestate’s estate which they or either of them as trustee, purchaser or surety ought to have paid or brought into court, or for which they or either of them is liable because of its not having been so brought in or paid. But as there has-been an appeal from the decree of the 25th of June 1828, directing the land purchased by Anderson to be sold for the payment of the purchase money due from him, the disposition of that amount must be suspended until that appeal has been finally determined; and consequently so much of this case as is affected by that appeal cannot be embraced in the statements contemplated by this order.
After which the auditor reported- a distribution of the proceeds as directed, which was confirmed by an order of the 4th of May 1829; from which Kent appealed; and, at June term 1831, the order was affirmed by the Court of Appeals.